**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

**NO. 03-05-00499-CV**

**Texas Parks & Wildlife Department, Appellant**

**v.**

**Milburn Dearing, Kenneth Head, and Mike Warren, Individually
and on Behalf of All Others Similarly Situated, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN102867, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

**C O N C U R R I N G   O P I N I O N**

I join the majority opinion except for that part of the opinion dealing with the single filing rule. Because I disagree that there is currently a basis for recognizing, in Texas, a single filing rule for the type of complaint at issue in this case, I concur in the majority's judgment, but write separately.

The majority concludes that the federal statutory structure for Title VII claims is similar enough to the Texas Labor Code that Texas courts should apply the single filing rule for the purposes of satisfying administrative exhaustion requirements in the context of class treatment of individual claims. However, there is a critical distinction between the Texas and federal statutory schemes. Federal law provides that administrative exhaustion may be satisfied by a charge filed "by *or on behalf of* a person claiming to be aggrieved." 42 U.S.C.A. § 2000e-5(b) (West 2003) (emphasis added). Thus, a federal charge filed on behalf of a class of persons similarly situated can

satisfy federal statutory exhaustion requirements and is consistent with the federal statutory structure. The Texas statutory structure does not contain a similar provision. Under the current Texas statute, a charge must be filed by the person aggrieved or the "person's agent." *See* Tex. Lab. Code Ann. § 21.201 (West 2006). Thus, under current Texas law, administrative exhaustion is not satisfied by a filing merely "on behalf of" a person. The filing must be by the person or the person's agent. Other than the unsupported statements in *Dearing I*,[1] I am not aware of any authority that declares a plaintiff seeking to be named a class representative of a putative class to be the agent of unnamed class members. Even if a class is certified, the class representative serves as a *representative* member of the class, but he or she is not the *agent* of the unnamed class members. A class representative must only be a member of the class and must be adequate to represent the interests of the class. Class members neither have to approve of a class representative nor agree with him or her. They are free to opt-out of the class or opt-in and object every step of the way. The class member/class representative relationship is, in some ways, not entirely defined; however, it is not a principal/agent relationship unless class members make it so.

While it might seem efficient or reasonable from a policy standpoint to consider a single filing rule for the purposes of administrative exhaustion in the class certification context, Texas courts are not in a position to judicially incorporate such a rule into the labor code. Administrative remedies and the requirements for exhausting those remedies are creatures of statute. The statutes govern how those requirements may be satisfied. The current Texas statutory scheme

---

[1] *Tex. Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452 (Tex. App.—Austin 2004, pet. denied), *cert denied*, 544 U.S. 960 (2005).

2

for exhaustion of administrative remedies for the type of claims at issue in this case requires that a charge be filed by the person aggrieved or the person's agent.  It does not provide for a filing "on behalf of" the person aggrieved or by someone who is something like an agent or similar to an agent. A person seeking to be the class representative of a putative class is not an agent for unnamed class members—apparent, implied, or otherwise—and, therefore, under the Texas Labor Code, cannot satisfy exhaustion requirements on behalf of all other members of a class.

I would hold that the single filing rule is inconsistent with the current iteration of Texas Labor Code section 21.201 and should not be engrafted on the statutory administrative remedy structure by judicial decision.  I would also hold that this Court's decision on this issue in *Dearing I* is clearly erroneous.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Filed:   August 3, 2007

3